# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**MICHAEL E. LONG, JR.**                                                                    **PLAINTIFF**

v.                          Case No. 4:18-CV-232-KGB-BD

**FAULKNER COUNTY**
**SHERIFF'S OFFICE,** *et al.*,                                                     **DEFENDANTS**

## ORDER

The Court has received a Partial Recommended Disposition ("Recommendation") from Magistrate Judge Beth Deere (Dkt. No. 6). Plaintiff Michael E. Long, Jr., filed an objection to the Recommendation (Dkt. No. 9). After careful review of the Recommendation, Mr. Long's timely objections, as well as a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted as this Court's findings in all respects.

The Court dismisses without prejudice Mr. Long's conditions-of-confinement and access-to-the-courts claims. The Court dismisses with prejudice Mr. Long's claims against defendant Faulkner County Sheriff's Office. The Court dismisses without prejudice Mr. Long's claims against City-Tele-Coin. Mr. Long may proceed with his remaining claims against defendants Ryals, Randall, Riedmuehler, Andrews, Paige, and Huffman.

The Court writes separately to address Mr. Long's objection. Mr. Long objects to the dismissal of the Faulkner County Sheriff's Office as a defendant, claiming that his alleged violations occurred as a result of an unofficial custom or policy and that he should be allowed to proceed under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Here, Mr. Long has named as defendants several individuals in their official and personal or individual capacities, including among others Faulkner County Sheriff Tim Ryals (Dkt. No. 2). Mr. Long brings his claims under 42 U.S.C. § 1983. Under § 1983, a suit against an officer in his official capacity is

construed as a suit against the governmental entity—here Faulkner County. *See Doe v. Washington County,* 150 F.3d 920, 923 (8th Cir.1998) ("A suit against a county official in his official capacity is the equivalent of a suit against the county itself."); *Reehten v. Buck,* 163 F.3d 602, 1998 WL 738329 at *1 (8th Cir.1998) ("[The plaintiff's] official-capacity action against the three defendants amounts to an action against their municipal employer, St. Louis County.") (Table Decision). The Faulkner County Sheriff's Office is not an entity that can be sued in a civil rights case such as this. *Ketchum v. City of West Memphis*, 974 F.2d 81 (8th Cir. 1992).

It is so ordered, this the 3rd day of July, 2018.

_____
Kristine G. Baker
United States District Judge